MARCHESE AUTO SALES COMPANY, INCORPORATED, PLAINTIFF-RESPONDENT, v. RALPH VAN KEUREN, DEFENDANT-APPELLANT.

Submitted May term, 1930—Decided January 22, 1931.

Before Justices CASE, DALY and DONGES.

For the defendant-appellant, *Joseph H. Gaudielle* and *James A. Major.*

PER CURIAM.

The suit was on an agreement whereby, as alleged in the state of demand, defendant agreed to work for plaintiff as an automobile salesman, for a compensation of five per centum on automobiles sold by him, with a drawing account of $50 per week chargeable against his commissions. As further

alleged in the state of demand, defendant left the employ of plaintiff owing the latter an overdraft of $533.34 above commissions. For that amount plaintiff sued, waiving the excess above $500.

At the trial plaintiff proved an agreement in essence as alleged in its pleading but with the added provision that moneys paid as drawing account were to be advances on commissions and were to be repaid to plaintiff if defendant should not, in fact, earn the amount thereof. At the close of plaintiff's case defendant moved for a nonsuit "on the ground that plaintiff had not established a case under the law of this state, citing *Roofing Sales ·Co.* v. *Rose,* 103 *N. J. L.* 553." The motion was denied. Defendant took the stand, gave his version of the employment contract, otherwise produced his case and, having rested, moved for, and was denied, a direction of verdict.

The defendant under the second point of his brief contends that the court erred in denying his motion for nonsuit upon the ground that plaintiff had not made out a *prima facie* case; and he still relies upon *Roofing Sales Co.* v. *Rose, supra.* That case holds that "in the absence of a special agreement, an agent who receives advances on account of commissions cannot be held to a personal liability for such advances, although the commissions charged by him do not equal the advances and although his employment has ceased."

In the case before us, however, there was a special agreement proved by the plaintiff; and that agreement was that the defendant would repay so much of his drawing account as was not equalled by his actual earnings. True, the defendant made denial, but the question was, in that aspect, factual and not legal. True, also, the agreement was not so pleaded in the state of demand; but that was the case as presented by the plaintiff and met by the defendant. There was no allegation of surprise or other objection entered by the defendant to this presentation of the contract. We think there was no error in the refusal to nonsuit.

Defendant's remaining points on the appeal are that the court erred in admitting in evidence certain payroll books

and in permitting defendant to be cross-examined regarding the contents of certain papers. The defendant, however, admitted that these papers were duplicates of original statements which were given to him each month for the purpose of showing the state of his account and that they correctly showed the excess of advancements over commissions. We find no harmful error in these rulings.

The judgment below will be affirmed.